**W. D. CHISHOLM, Appellee,**

v.

**Willard BOHANNON and Perry Cox, d/b/a B & C Sales and Service, Appellants.**

Court of Appeals of Tennessee, Western Section.

June 20, 1977.

Certiorari Denied by Supreme Court Oct. 17, 1977.

J. Thomas Caldwell, Ripley, for appellants.

Paul E. Dew, Ripley, for appellee.

MATHERNE, Judge.

The issue is whether the plaintiff has made out a case, based upon circumstantial evidence, that the defendants are guilty of actionable negligence in the repair of the plaintiff's machine.

The trial judge, sitting without a jury, found for the plaintiff. The defendants appeal insisting that: (1) there is no competent evidence that the defendants were negligent; (2) the court's decision is based upon speculation and conjecture; and (3) the plaintiff was guilty of proximate contributory negligence.

### I.

In the month of July 1974, the plaintiff delivered his D955H Front-End Loader to the defendants for repairs. The defendants were to repair the final drive system of the machine. After repairs had been completed, the plaintiff took his machine to a sand pit and had loaded three loads of sand when the machine began to malfunction. The defendants were called to the scene and the defendant Bohannon removed the filters from the machine. It was then observed that what is called a "shop rag" was in the machine. This rag was rather chewed up and particles of it were in the filters. The defendant installed new filters. The plaintiff testified that the defendant Bohannon told him that he didn't see how the rag got in there but that he, the defendant, must have left it in there when he had the cap off of the steering system compartment, which he had to take off to get to the final drive.

The plaintiff continued to operate the machine until December 1974, when it again malfunctioned. The plaintiff then had the machine hauled to Taylor Machinery Company at Memphis, Tennessee. Bob Roebig of that company testified that the trouble was in the transmission of the machine where he found pieces of a "shop rag." This witness, who qualified as an expert on this type machinery, stated that if a shop rag were dropped into the steering system compartment it could be forced through the filters into the transmission. He stated that in his opinion the pieces of shop rag in the transmission is what caused the machine to stop performing. The repair bill at Taylor Machinery Company was $3,488.46.

### II.

Any fact may be proved by direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Phillips v. Newport* (1945) 28 Tenn. App. 187, 187 S.W.2d 965. There is no direct proof that the defendants left the shop rag in the machine. There is, however, no reasonable explanation given or advanced as to any other manner by which the object could have entered into the interior of the machine. The defendants argue that the plaintiff was in their shop helping with the repair of the machine. They also point out that the plaintiff furnished his own oil to refill the machine after the repairs were completed. The defendants infer that the plaintiff might in some manner have caused the shop rag to get into the machine. The plaintiff testified that he did assist the defendants with some heavy work with a sledge hammer in removing the pins which hold the track, and he helped remove some sprokets from the final drive. The plaintiff denied that he cleaned the oil pan or the oil cover. The plaintiff said that he pumped oil out of a 55 gallon drum directly into the machine to refill it.

Where the plaintiff is dependent upon circumstantial evidence, it is sufficient if he makes out the more probable hypothesis, and the evidence need not arise to that degree of certainty which will exclude every other reasonable conclusion. *Bryan v. Aetna Life Ins. Co.* (1939) 174 Tenn. 602, 130 S.W.2d 85. The plaintiff's proof that the defendants repaired the machine; that they had the machine torn down in such manner that a shop rag could have been

left in the interior of the machine; that the defendant stated that he didn't see how the rag got in there but that he, defendant, must have left it in there when he had the cap off of the steering system compartment; that the expert Roebig said the particles of the shop rag could be forced through the filters into the transmission; and that there was no other opening of the interior of the machine by anyone after the repairs were made until the trouble developed, all establish circumstances which point to the guilt of the defendant. The attempt by the defendants to place the blame on the plaintiff because he was present when some of the repairs were made and furnished the oil to refill the machine simply does not, in the opinion of this Court, establish an inference of the guilt of the plaintiff in equal degree to that of the guilt of the defendants.

■ We hold the evidence does not preponderate against the finding of the trial judge that the defendant negligently permitted the shop rag to enter into and stay within the interior of the machine. That conclusion was not based upon speculation and conjecture; it was based upon the weight of the evidence.

The fact that the shop rag caused the damage to the machine is supported by an abundance of direct evidence. The trial judge gave judgment for only $2,500 because the plaintiff now has a new transmission in his machine whereas the one damaged had been used a few years.

■ Complaint is made that the trial judge erred in considering evidence of the failure of the defendant, after the shop rag was discovered, to warn the plaintiff that the shop rag might damage the transmission. The defendant argues that this theory of negligence was not stated in the complaint or in any amendment to the complaint. The record does not reveal that the defendant objected to the evidence. Under Rule 15.02, Tennessee Rules of Civil Procedure, when issues not raised by the pleadings are tried by the express or implied consent of the parties, those issues will be treated in all respects as if they had been raised in the pleadings.

All assignments of error are overruled, and the judgment of the trial court is affirmed. The cost in this Court is adjudged against the defendants-appellants.

NEARN, J., and MORRIS, Special Judge, concur.