937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald F. KEILS, as Personal Representative of the Estate of
Dorothy L. Watson, Plaintiff-Appellant,
v.
COVENANT TRANSPORT, INC., James L. Womble, Defendants-Appellees.
 No. 90-5928.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1991.
 
 Before MERRITT, Chief Circuit Judge, KENNEDY and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a jury verdict in favor of defendants in this wrongful death action. The district judge limited the testimony of plaintiff's expert witness to one theory of negligence, reasoning that plaintiff's other theories alleged negligent acts that were not proximate causes of the deceased's injury. In addition to challenging this ruling, plaintiff contends that there was no material evidence from which the jury could infer that his decedent was contributorily negligent.
 
 I.
 
 2
 In October 1987, Dorothy Watson struck the rear of a disabled tractor-trailer parked in the emergency lane of Interstate Highway 75. The tractor-trailer was owned by defendant Covenant Transport, Inc., and had been driven by one of its employees, defendant James Womble. Watson eventually died from injuries suffered in the accident.
 
 
 3
 Prior to the accident, Womble and his co-driver had attempted to repair an air compressor when they became aware that the truck was not maintaining the air pressure required to release the brakes. As they were unsuccessful, they slowly drove the truck until they came to an exit. Womble testified that they decided not to exit the highway because they feared the brakes would lock in the middle of the exit ramp and dangerously block the exit. Instead, they parked the tractor-trailer near the exit ramp in the emergency lane, two to three feet off the traveled portion of the highway, so that he could telephone for service. Womble did not display reflective warning triangles, but he did activate the vehicle's emergency yellow flashers.
 
 
 4
 James and Sandra Day testified that they were driving in the right-hand lane as Watson came up beside them in the passing lane. According to the Days, Watson's car swerved to the right towards their car, swerved back to the left, and suddenly cut in front of their car all the way into the emergency lane, causing James Day to brake his car to keep from hitting Watson. The Days also testified that Watson continued driving in the emergency lane, weaving back and forth across the white line of the emergency lane for one-half mile, until she struck the rear of the tractor-trailer.
 
 II.
 A. Expert Testimony
 
 5
 The first issue raised by plaintiff concerns the district court's exclusion of certain testimony from his expert witness. We are unable to address the merits of plaintiff's complaint, due to the absence of an offer of proof sufficient to preserve the issue for appeal. According to Fed.R.Evid. 103(a),
 
 
 6
 [e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 
 
 7
 ....
 
 
 8
 (2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. (Emphasis added.)
 
 
 9
 The trial judge correctly perceived that, under the circumstances of this case, plaintiff's only apparent viable theory for demonstrating that defendants were the proximate cause of Watson's injury was to show that she was unable to see the tractor-trailer in time to avoid the collision due to Womble's failure to put out the warning triangles. The judge did permit plaintiff's expert to testify how display of the triangles would have prevented Watson from colliding with the tractor-trailer. Plaintiff's counsel also said he wanted the expert to testify in support of other theories of negligence: that the defendant company failed to train its drivers on safety procedures in the event of mechanical problems; and that Womble should not have driven past the highway exit. However, plaintiff's counsel made no proffer of evidence tending to demonstrate that any negligence in this regard was a proximate cause of the collision.[1] The most specific proffer we can find is this:
 
 
 10
 Mr. Mossman: She was in the emergency lane, and our expert will show a reason why she should have been there; and a reason why ... the trucking company should have either pulled the truck off the emergency lane and onto the shoulder of the road and/or ... onto the exit ramp off the emergency lane; and the other very important part is ... the lack of procedures that Covenant Transport used themselves in not dispatching a tow truck within a couple of hours; ...
 
 
 11
 The Court: ... [N]egligence has got to be ... proximate[] cause--
 
 
 12
 Mr. Mossman: ... I agree with that; but I think what we're going to show is a whole day's events goes beyond simple negligence here.
 
 
 13
 ....
 
 
 14
 Mr. Mossman: ... [O]ur expert will testify that he should not have been in an emergency lane.
 
 
 15
 This was not adequate under Fed.R.Evid. 103(a) to constrain the trial judge to conclude that the expert had testimony to give that would assist the jury with the critical element of proximate cause. See Fed.R.Evid. 702.
 
 B. Contributory Negligence
 
 16
 Plaintiff's second assignment of error addresses the sufficiency of evidence to support a jury finding that his decedent was contributorily negligent. The key evidence on Watson's negligence comes from the testimony of James and Sandra Day. Plaintiff contends that their testimony is negative evidence that cannot, by itself, support a jury verdict. For example, rather than saying that Watson's brake lights did not come on, and she did not swerve to avoid the truck (positive statements), the Days essentially said that they did not see the lights come on or see Watson's car swerve (negative statements). Although testimony is not as persuasive when given in negative rather than positive form, it is nevertheless probative, and the distinction goes to the weight to be accorded to the testimony. Here, this testimony, combined with evidence that Watson abruptly swerved in front of the Days' automobile; that her car weaved in and out of the emergency lane; that her head was propped up against the window and never moved; that the collision occurred on a clear day; and that Watson's car left no skid marks, is sufficient to support a finding of contributory negligence. See Chisholm v. Bohannon, 558 S.W.2d 446, 447 (Tenn.Ct.App.1977).
 
 III.
 
 17
 For the reasons stated above, we affirm the judgment of the district court.
 
 
 
 [1]
 Indeed without a proffer we are unable to ascertain whether the expert had an opinion that it was contrary to the usual standard of care for truck drivers to fail to pull off onto the shoulder where, as Womble testified, he did not know if the shoulder would support his loaded tractor trailer and was also concerned about its slope; whether the usual standard of care for truck drivers required vehicles to be promptly towed rather than repaired at the side of the highway where the truck is off the main travelled portion of the highway rather than use an accessible emergency lane; whether drivers should attempt to exit even if they will block the exit lane; or whether there was little likelihood that the brakes would lock up while attempting to exit. In the absence of a proffer, we have no way to determine whether plaintiff could have been harmed by the failure to admit the expert's testimony